IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHAD HESTER, #220 402, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:12-CV-207-TMH |
| | ) [WO] |
| KIM THOMAS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint and amendment to the complaint filed by Plaintiff, a state inmate currently incarcerated at the Draper Correctional Facility ["Draper"] in Elmore, Alabama. Plaintiff seeks to challenge the actions of correctional officials regarding his classification as a restricted offender. He asserts that Defendants conspired to violate his constitutional rights by "refus[ing] to remove the 'R' from his prison file," and claims that their conduct also violated his equal protection and due process rights under the Fourteenth Amendment, his right to be free from cruel and unusual punishment under the Eighth Amendment, and his right to be free from *ex post facto* violations.[1] Named as defendants are Commissioner Kim Thomas, Jeffery Williams, Warden

---

[1] Plaintiff filed the amendment to his complaint on July 23, 2012, in accordance with the court's directive that he state the basis for his equal protection claim. The court denied Plaintiff's request to amend the complaint to name as additional defendants the Alabama Department of Corrections, the Classification Review Board, and Judge Tracy McCooey, and to assert a state and federal separation of powers claim. The court granted Plaintiff's request to amend the relief sought in the complaint which included a request to waive his demand for $1 million in damages against the named defendants. *See* Doc. Nos. 14, 21, 22.

Louis Boyd, Warden Phyllis Billups, and Classification Specialist Heath Gandy. For relief, Plaintiff requests an evidentiary hearing, reimbursement of state and federal court costs and filing fees, research and development fees, and supply fees (pens, pencils paper, envelopes), and issuance of an order requiring his removal from restricted offender status and his reclassification as a non-violent offender. *Doc. Nos. 1, 21*.

Pursuant to the orders of this court, Defendants filed an answer, special report, and supporting evidentiary material addressing Plaintiff's claims for relief. *Doc. No. 33*. The court then informed Plaintiff that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Plaintiff filed a response to the special report. *Doc. No. 38*. This case is now pending on Defendants' motion for summary judgment. Upon consideration of the motion, the evidentiary materials filed in support thereof, and Plaintiff' opposition to the motion, the court concludes that Defendants' motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. 56(a) ("The court shall

grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[2] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the nonmoving party has failed to present evidence to support some element on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required [by citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered

---

[2]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

undisputed -- show that the movant is entitled to it.") A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263. Consequently, to survive Defendants' properly supported motion for summary judgment, Plaintiff must produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-250 (internal citations omitted). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs likewise cannot create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond his own conclusory allegations challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to

oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 323 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Dept. of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material

facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citations omitted). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and establishes the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute on a requisite material fact.); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. Here, Plaintiff fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment.

## II.  DISCUSSION

Plaintiff claims that Defendants have failed to recommend him for removal from his current classification as a restricted offender in violation of his constitutional rights. Defendants deny Plaintiff's claims and state the Central Restriction Review Committee ("CRRC") reviewed Plaintiff's restricted offender status in 2011 and concluded that his "Restricted" classification fell within the criteria of the Classification Manual based on the details of his offense.[3] *Doc. No. 33, Exhs. 2, 4, 5, 6*.

The evidence submitted to support Defendants' dispositive motion reflects that Plaintiff is serving a twenty year sentence following his conviction for manslaughter (reduced from murder) entered against him by the Circuit Court for Montgomery County, Alabama. Defendants maintain that, under the Alabama Department of Correction's ("ADOC") classification rules and regulations, the details underlying Plaintiff's crime render him eligible for classification as a restricted offender. Specifically, Plaintiff's pre-sentence investigation report reflects that the victim of Plaintiff's crime received fifteen knife wounds, and the cause of death was multiple sharp force injuries with blunt force injuries. Based on a policy adopted by the ADOC in 2004 for restricting certain violent offenders from participating in the work release program and being housed in community work center

---

[3]The CRRC is comprised of the Associate Commissioner of Operations, the Associate Commissioner of Plans and Programs, and/or the Director or Assistant Director of Classification. Classification Specialists, Wardens, Assistant Wardens, the Deputy Commissioner for Governmental Relations, and the Commissioner of the Alabama Department of Corrections are not members of the CRRC and do not play an intricate role in the determination of a "Restricted" offender. *Doc. No. 33, Exh. 2*.

settings due to the nature of their current or prior convictions, Plaintiff was deemed a restricted offender because the fifteen stab wounds were considered "overkill." *See Doc. No. 32, Exh. 4* at pg. 3 of 5 - #16.

The ADOC's Classification Manual guidelines for restricted offenders was amended in October 2009 to remove many of the offenses in the 2004 guidelines. *See Doc. No. 33, Exh. 2; Exh. 4* at 4-5 of 5. Based on the 2009 amendment, the CRRC reviewed inmates with "Restricted" offender status to determine whether they met one of the new criteria. The CRRC reviewed Plaintiff's "Restricted" status in June 2011 because "overkill" is no longer considered as part of the criteria for this classification status. *Id. at Exhs. 2, 4*. The CRRC, however, deemed the "Restricted" offender status for Plaintiff was still warranted under #9 of the amended criteria which addresses, in part, "[i]nmates with offenses which may or may not involve death but are of such a violent nature that restriction may be warranted. . . " *Id., Exh. 4* at 4 of 5.[4] The CRRC committee members indicated that the basis for their determination was the multiple stab wounds inflicted by Plaintiff which they found to be of such a violent nature as to warrant application of the "Restricted" offender status. *Id., Exhs. 3, 5, 6*.

*A. Equal Protection Claim*

Plaintiff claims that Defendants violated his right to equal protection by recommending and approving the removal of black inmates from restricted offender status

---

[4]In the April 2004 Classification Manul regarding "Restricted" classification criteria, item #9 referenced "terroristic homicide" as a category requiring the "R" suffix. *Doc. No. 33, Exh. 4* at 3 of 5.

with murder convictions but denying his request for such treatment because he is white. (*Doc. No. 1*.) To support his claim, Plaintiff identifies three black inmates whom he contends were convicted of murder yet were approved for removal as restricted offenders. Plaintiff further maintains that many classification and other correctional officials are African Americans who give preferential treatment to members of their own race. *Doc. No. 21*. Defendants deny that they acted in violation of Plaintiff's equal protection rights. There is no indication that any of the named defendants were involved in reviewing Plaintiff for removal as a restricted offender. Further, Defendants' evidence reflects that, of the three inmates identified by Plaintiff as receiving more favorable treatment, only one was convicted of murder. In addition, after reviewing the inmates identified by Plaintiff as being similarly situated to him and who were granted removal from restricted offender status, members of the CRRC affirm that they determined that the inmates in question no longer met the criteria for "restricted" offender status pursuant to the classification guidelines currently in effect. *Doc. No. 33, Exhs. 2, 3, 5, 6, 8-11*.

To establish a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of*

*Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... [An allegation] of ... discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977). "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359-360 (1991). In a case such as this one, where Plaintiff challenges actions of correctional officials, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Company v. Strickland*, 830 F.2d 1107, 1112-1113 (11th Cir. 1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Since this case is before the court on a properly supported motion for summary judgment, Plaintiff must produce specific, substantial evidence that Defendants intentionally discriminated against him due to his race. *Arlington Heights*, 429 U.S. at 265. Purposeful discrimination can be shown either by direct evidence, *i.e.*, admissions of the defendant, or

indirectly by way of circumstantial evidence. *Id*. at 266. A plaintiff cannot rest on conclusory allegations of a constitutional violation to defeat summary judgment nor is "[t]he mere existence of a scintilla of evidence in support of [his] position" sufficient to avoid summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. at 252. Instead, a plaintiff must present significant probative evidence to preclude summary judgment in favor of the defendant. *Id*. at 249.

Plaintiff alleges that Defendants recommended and approved the removal of three black inmates from restricted offender status with convictions similar to his own, yet have denied his requests to be removed as a restricted offender because he is white. As noted above, it is undisputed none of the named defendants were involved in the 2011 review of Plaintiff's status as a restricted offender. Even had they been participants, the evidence before the court reflects that the decision not to remove Plaintiff from the restricted offender classification occurred because the details surrounding the commission of his offense met the current criteria for restricted offender status, whereas the inmates identified by Plaintiff as being similarly situated in fact were not similarly situated and/or did not meet the current criteria for restricted offender status.

Even if Plaintiff and the black inmates he alleges received more favorable treatment were similarly situated, he has presented no evidence, probative or otherwise, that racial discrimination or purpose constituted a motivating factor in the decision to continue to classify him as a restricted offender. The circumstantial evidence presented and the

inconsistencies identified by Plaintiff warrant no inference of discriminatory intent. The showing of a disparate impact upon two racially diverse inmates is insufficient to demonstrate an equal protection violation. *E & T Realty*, 830 F.2d at 1114; *Horner v. Kentucky High School Athletic Ass'n*, 43 F.3d 265, 276 (6th Cir. 1994). The arbitrary application of administrative rules likewise does not run afoul of the Constitution. *E & T Realty*, 830 F.2d at 1114. Plaintiff merely asserts that the decision to maintain his classification as a restricted offender resulted from racial discrimination because three black inmates alleged to also have murder convictions were removed from restricted offender status.[5] Beyond this conclusory allegation, Plaintiff produces nothing which suggests that racial animus motivated the action about which he complains.  Defendants are entitled to summary judgment on this claim.

*B. Eighth Amendment Claim*

Plaintiff alleges that his classification as a restricted offender violates his rights under the Eighth Amendment. The Constitution proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). Only actions which deny inmates "the minimal civilized measure of life's necessities," are grave enough to establish constitutional violations. *Id.* at 347. The

---

[5]Defendants' evidence reflects that of the three inmates identified by Plaintiff as receiving more favorable treatment during the CRRC's review of inmates for removal from restricted offender status, only one was convicted of murder. That inmate's murder conviction stemmed from a drive-by shooting which no longer meets the classification guidelines for restricted status.  Further, the inmate in question was the driver of the vehicle while his co-defendant was responsible for firing several shots into the victim's house. *Doc. No. 33, Exh. 10*.

challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to [Plaintiff's] future health or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotations and citations omitted).

Here, the decision of correctional officials to classify Plaintiff as a restricted offender based on the criteria in the amended classification manual does not amount to a violation of the Eighth Amendment. Defendants are entitled to summary judgment on this claim.

## C. Conspiracy Claim

Plaintiff alleges that Defendants conspired to violate his constitutional rights by refusing to remove him from restricted offender status. *Doc. No. 1*. To establish a § 1983 conspiracy claim, "a plaintiff must show among other things, that the defendants 'reached an understanding to violate [his] rights.' " *Rowe v. Fort Lauderdale,* 279 F.3d 1271, 1283 (11th Cir. 2002) (citation omitted) (brackets in original). This requires that Plaintiff provide more than a label or a conclusion. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Twombly,* 550 U.S. at 570. Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide sufficient facts to show that an agreement was made. *Id*. at 678-679. Beside pleading facts to show that an agreement was reached to deny Plaintiff's

rights, an underlying "actual denial of [his] constitutional rights" must be shown. *Hadley v. Gutierrez,* 526 F.3d 1324, 1332 (11th Cir. 2008).

Here, Plaintiff's claim of conspiracy is a purely conclusory allegation that fails to assert those material facts necessary to establish a conspiracy by Defendants. *See Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) (holding that a conspiracy allegation that is vague and conclusory fails to state a claim upon which relief can be granted and may be dismissed). Plaintiff's conspiracy claim against the named defendants is due to be dismissed as it is insufficient to support a claim for relief under 42 U.S.C. § 1983. *Iqbal*, 556 U.S. 678; *Fullman*, 739 F.2d at 556-557.

### D. Due Process Claim

Plaintiff challenges his classification as a restricted offender, claiming the decision to so classify him was made arbitrarily, capriciously, and improperly in violation of his right to due process. To support this allegation, Plaintiff maintains that prison officials did not rely on a judicial determination that he was a heinous and/or restricted offender; rather, they made the determination internally and without the benefit of all the records from the underlying criminal proceedings, which he maintains would reflect he is neither a heinous or violent offender. *Doc. Nos. 1, 21*.

The court initially notes an inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship

on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Because inmates have no constitutionally protected interest in the level of their custody classification, correctional officials may assign plaintiff to any classification level without implicating the protections of due process. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).

Regarding Plaintiff's argument that prison officials' decision to classify him as a restricted offender was arbitrary and unreasonable because the determination was not judicially imposed or authorized, and was based on limited knowledge of the facts and evidence underlying his manslaughter conviction, he is entitled to no relief. State officials may not deny or restrict access to less restrictive custody classifications for arbitrary or capricious reasons. *Hendking v. Smith*, 781 F.2d 850, 852 (11th Cir. 1986) (classification system contains no inherent constitutional invalidity, but becomes constitutionally offensive only if "the regulation is administered maliciously or in bad faith."). Consideration of the details surrounding an inmate's criminal conviction(s) when determining the inmate's custody classification, however, does not implicate the Constitution as it is rationally related to the legitimate state interest of ensuring that only those inmates best suited for lower custody classifications are so placed. *Cf. Conlogue v. Shinbaum*, 949 F.2d 378 (11th Cir. 1991); *see also Thornton v. Hunt*, 852 F.2d 526 (11th Cir. 1988) (holding that the denial of eligibility for incentive time benefits to inmate who received sentences of over 10 years "is rationally related to the legitimate purpose of preventing the early release of serious offenders

[and] does not violate the equal protection clause or due process clause").

Prison officials' reliance on the facts underlying Plaintiff's manslaughter conviction as contained in his pre-sentence investigation report to classify him as a restricted offender and deny him a lower security and/or custody level does not violate the Constitution as it is the nature and circumstances of the crime, not the type or nomenclature of the conviction, which legitimately may be used by prison authorities to determine the security and classification status of prisoners. *Hendking*, 781 F.2d at 852. Plaintiff's disagreement with prison officials' determination that he meets the ADOC's current classification criteria for restricted offender status does not render their decision arbitrary or capricious, and Plaintiff has presented no evidence indicating that prison officials acted in an arbitrary or capricious way by not recommending him for removal as a restricted offender. *See Thornton*, 852 F.2d at 527. The court, therefore, concludes that prison officials' conduct in relying on the nature and circumstances of the crime for which Plaintiff was convicted to determine his classification status was "not arbitrary and capricious, but reasonable and appropriate." *Hendking*, 781 F.2d at 852. Consequently, even if Plaintiff could demonstrate that the named defendants were involved in the decision to classify him as a restricted offender, he would not be entitled to relief on this claim.

E.  *Ex Post Facto Claim*

Plaintiff asserts that he was not classified as a restricted offender between 2001 and 2004 because the "R" classification policy was not implemented until 2004. During that three

year period, Plaintiff argues that he would have been eligible for placement on work release and assignment to other favorable prison programs. Implementation of the policy restricting certain violent offenders from participating in work release or being housed in community work center settings, Plaintiff claims, has subjected him to an *ex post facto* violation as the new restricted offender policy should only apply to inmates placed in the custody of the Alabama Department of Corrections after the new policy took effect. *Doc. Nos. 21, 38*.

The *Ex Post Facto Clause* bars "enactments which, by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249 (2000). An amended law or regulation must create a significant risk of increasing the punishment imposed upon an inmate for the amendment to run afoul of this constitutional provision. *Id*. at 255; *see California Dept. of Corrections v. Morales*, 514 U.S. 499, 508–09 (1995); *Collins v. Youngblood*, 497 U.S. 37, 50 (1990).

The ADOC's classification policy regarding restricted offenders does not inflict or create any risk of increased punishment to Plaintiff, and, as previously explained, Plaintiff has no constitutional right to any particular custodial classification or prison housing assignment. *See Montanye v. Haymes*, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Moody*, 429 U.S. at 88 n.9. Plaintiff has submitted no facts

or evidence to indicate the sentence imposed following his conviction for manslaughter has been increased because of his classification as a restricted offender. Plaintiff's *ex post facto* claim, therefore, lacks legal merit and is due to be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion for summary judgment (*Doc. No. 33*), be GRANTED;

2. Judgment be ENTERED in favor of Defendants and against Plaintiff; and

3. This case be DISMISSED with prejudice.

It is further

ORDERED that on or before **July 28**, **2014**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d

404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    DONE, this 14th day of July, 2014.

                      /s/ Susan Russ Walker
                        SUSAN RUSS WALKER
                        CHIEF UNITED STATES MAGISTRATE JUDGE